# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**                        **Case No. 6:08-cv-670-Orl-22KRS**

**ASSETS DESCRIBED IN
"ATTACHMENT A"
TO THE SECOND AMENDED
VERIFIED COMPLAINT
FOR FORFEITURE IN REM,**

      **Defendants.**

## UNITED STATES OF AMERICA'S RESPONSE
## TO THE COURT'S ORDER TO SHOW CAUSE
## <u>DATED AUGUST 20, 2008</u>

      The United States of America, by and through the undersigned Assistant United

States Attorney, hereby files its Response to the Court's Order, dated August 20, 2008,

requesting that the parties advise the Court of why a Case Management Report has not

yet been filed, and states the following.

<u>**Procedural History**</u>

      1.      On April 24, 2008, United States Magistrate Court Judge David A. Baker

issued 21 seizure warrants for several vehicles, a motorcycle, a learjet and funds held in

attorney trust accounts after a probable cause finding that the subject properties were

purchased with proceeds of violations of 18 U.S.C. § 1343 (wire fraud), and were

involved in the commission of violations of 18 U.S.C. §§ 1956 and 1957 (money

laundering). Case No. 6:08-mj-1146-1166-DAB.

2.      On April 28, 2008, the United States filed an Amended Verified Complaint

*In Rem* in this Court. (Doc. No. 9).  The amended complaint alleges that the five

defendant properties and the proceeds from the sale of the Riverfront Parkway property

in Chattanooga, Tennessee ("Riverfront Parkway property"), are subject to forfeiture

pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) because the all of

the properties were purchased with the proceeds of violations of 18 U.S.C. § 1343 (wire

fraud), and were involved in the commission of violations of 18 U.S.C. §§ 1956 and

1957 (money laundering).  The defendant properties were owned either by Frank

Amodeo or by companies that Frank Amodeo controlled, including Mirabilis Ventures,

Inc. ("Mirabilis").

3.      As a result of the Amended Civil Forfeiture Complaint, on April 30, 2008,

United States Magistrate Court Judge Karla R. Spaulding found that there was probable

cause to believe that the proceeds from the sale of the Riverfront Parkway property and

the five real properties were subject to forfeiture and issued a warrant of arrest *in rem*

for the proceeds of the Riverfront Property.  Lis pendens were placed on the five real

properties since real property cannot be "seized" unless there are exigent

circumstances, pursuant to 18 U.S.C. § 985.

4.      Because the assets seized pursuant to the seizure warrants issued by

Magistrate Judge Baker exceeded monetary thresholds for administrative forfeiture, on

August 8, 2008, the United States sought leave from this Court to file a Second

Amended Complaint to include the 21 properties seized pursuant to the seizure

warrants.  (Doc. No. 56).  On August 21, 2008, this Court granted said motion, (Doc.

No. 59), and the United States filed its Second Amended Complaint on August 28,

2

2008.  (Doc. No. 60).

5.      Prior to filing the Motion for Leave to Amend the Amended Civil Forfeiture Complaint, the parties to this action agreed that it would be most efficient to file an amended complaint to include the 21 assets that had been seized rather than filing a separate civil action and requesting that this Court consolidate the matters at a later date.  All parties understood that the filing of the Second Amended Complaint would likely add additional parties to this action because of the additional claims which may be filed against the newly included assets in the Second Amended Complaint.

6.      Frank Amodeo and his wife also expressed an interest in staying the instant matter due to 5th Amendment concerns.  As such, counsel for the respective parties were anticipating filing a motion to stay these proceedings once the Second Amended Complaint had been filed and all interested parties had filed claims.

**Tennessee Bankruptcy**

7.      On March 18, 2007, WinPar Management Hospitality Chattanooga, LLC ("WinPar") filed a petition for the adjustment of debts pursuant to Chapter 7 of the Bankruptcy Code in the Eastern District of Tennessee.  Thereafter, on April 2, 2007, the WinPar bankruptcy trustee filed a Motion to Sell Real Estate Free and Clear of Lien of Atlantic American Capital Group, LLC.  The real estate to be sold was the Riverfront Parkway property, which was the sole asset of the debtor.  The Riverfront Parkway property was owned by WinPar.  WinPar is owned by Mirabilis, which, as mentioned above, was a company controlled by defendant Frank Amodeo.

8.    On April 2, 2008, the Riverfront Parkway property was sold to Cameron Harbor, LLC.  The WinPar bankruptcy trustee held the proceeds from the sale of the Riverfront Parkway property at the time the warrant of arrest *in rem* was issued.   The WinPar bankruptcy trustee was seeking to disburse a portion of those proceeds to certain WinPar creditors, some of whom are Mirabilis-owned entities, and return the remaining funds to Mirabilis, the equity owner of the debtor.

9.    Prior to obtaining the warrant of arrest *in rem* for the proceeds from the sale of the Riverfront Parkway property, the Orlando United States Attorney's Office ("USAO") began communicating with the bankruptcy trustee as well as the United States Attorney's Office in Chattanooga, Tennessee regarding the turnover of funds. After the bankruptcy trustee indicated that he did not believe he could comply with the warrant of arrest *in rem* absent an order from the bankruptcy court, the Orlando USAO worked with the Chattanooga USAO to bring the issue before the WinPar bankruptcy court.

10.    As a result of that collaboration, on April 30, 2008, the United States filed a Motion to Compel Turnover of Funds or in the Alternative to Lift Stay and a Memorandum of Law in support thereof with the Winpar bankruptcy court.  The United States did not asked the District Court for the Middle District of Florida to make a determination about the applicability of the automatic stay.  The United States instead filed its motion with the WinPar bankruptcy court because, notwithstanding its belief that the Orlando civil forfeiture proceeding fell within the police power exception to the automatic stay set forth in 11 U.S.C. § 362(b)(4), the government sought to avoid any suggestion that it was violating the automatic stay.  For the same reason, at the

4

bankruptcy court's request, the government readily agreed to delay execution of the warrant of arrest *in rem*.

11.     Ultimately, the WinPar trustee and the government reached an agreement whereby the trustee would pay the unsecured creditors and the expenses of the estate and turn over all remaining funds to the government in accordance with the warrant of arrest *in rem*.  The trustee filed a motion with the court explaining the settlement and seeking the court's approval.  The secured creditors, Atlantic American Capital Group, LLC, Atlantic American Corporate Group, LLC, J. Patrick Michaels, Jr., Peter H. Collins, Robert Moreyra and Bradley A. Gordon (collectively referred to hereinafter as "Atlantic American") objected.

12.     On June 4, 2008, a status conference was held on the pending motions in the WinPar bankruptcy, including both the government's motion for turnover and the trustee's motion seeking approval of the settlement with the government.  At the request of the parties, the bankruptcy court continued the motions in order to allow the parties additional time to pursue settlement.  In addition, all parties agreed that the bankruptcy trustee and the government would depose a representative of Atlantic American in order to better evaluate Atlantic American's secured claim.

13.     Thereafter, on August 7, 2008, the same day as the status conference to be held in the WinPar bankruptcy, Mirabilis filed an objection to the government's motion for turnover and the trustee's motion to compromise.

14.     At the August 7, 2008 status conference, the bankruptcy court inquired about the status of settlement discussions.  Counsel for Atlantic American informed the court that the unsecured creditors, Atlantic American and the government reached an

agreement resolving the objections to the various motions and proposing the distribution of the funds held in the WinPar bankruptcy estate, but that Mirabilis and the trustee both objected. Mirabilis maintains that the government has no right to forfeit the proceeds of the sale of the Riverfront Parkway property, asserting that the WinPar bankruptcy and the Mirabilis bankruptcy (as will be discussed below) both operate to stay the government's right to enforce the forfeiture laws. The trustee objects to payment of the claim of Atlantic American.

15.     As discussed in the Second Amended Complaint, the WinPar trustee currently holds the proceeds from the sale of the Riverfront Park property.

**Orlando Bankruptcies**

16.     On May 28, 2008, Mirabilis filed for bankruptcy in the Middle District of Florida, Orlando Division. Case No. 6:08-bk-04327-KSJ. Additionally, AEM, Inc. (Case No. 6:08-bk-04681-KSJ) and Hoth Holdings, LLC (Case No. 6:08-bk-04328-KSJ) filed for bankruptcy in the Middle District of Florida, Orlando Division, on June 5, 2008. AEM, Inc. and Hoth Holdings, LLC were controlled by Frank Amodeo and own properties subject to the civil forfeiture complaint.

17.     On August 14, 2008, the United States filed a Motion to Intervene and Stay the Orlando bankruptcy proceeding in light of the indictment against Frank Amodeo (discussed below). An evidentiary hearing on the United States' Motion to Intervene and Stay the Debtors' Bankruptcy Cases was scheduled for September 3, 2008 at 11:00 a.m. However, the main witness for Mirabilis was unavailable to attend the hearing. The United States and counsel for Mirabilis, Hoth Holdings, LLC and AEM, Inc. agreed to continue the hearing until the latter part of September with the condition

that the debtors' counsel would cease all work on the case not directly related to their opposition of the United States' Motion to Intervene and Stay or the Debtors' administrative obligations under the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, or order of the Bankruptcy Court.

**Related Criminal Action**

18.     On August 7, 2008, Frank Amodeo was indicted for violations of 18 U.S.C. § 371 (conspiracy to impede, impair obstruct and defeat the lawful government functions of the IRS in the ascertainment, computation, assessment and collection of payroll taxes, and to commit wire fraud and obstruction of agency proceeding); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. § 1505 (obstruction of agency proceeding); and 26 U.S.C. § 7202 (failure to remit payroll taxes).  The Indictment contains forfeiture provisions which seek to forfeit to the United States all assets of debtor Mirabilis and related debtors AEM, Inc. and Hoth Holdings, LLC.  If those assets are forfeited, they will become property of the United States and will not remain in the three related bankruptcy estates.

The parties to this matter have not been ignoring the issued raised in this case. As discussed above, due to the complex forfeiture-related issues raised in the Tennessee and Orlando Bankruptcies, the anticipation of additional parties filing claims for the new properties added in the Second Amended Complaint and the 5th Amendment concerns raised by some of the parties to the instant action, the parties felt that it was in the best interest of justice to delay the filing of a case management report. The United States requests an additional 90 days in which to file a case management report.  The additional time would allow for the United States to provide direct written

7

notice to all known interested parties and to publish notice for unknown parties of the additional items which the United States seeks to forfeit in the Second Amended Complaint.  Once the time for filing claims has expired, the parties will promptly move to stay the instant action.  The undersigned has spoken with counsel for Bison Mortgage Corp./Coastal Equity Partners, LLC, who have filed claims for the 3801 Carolina Ave. Property located in Virginia.  They join in this response.

Respectfully submitted,

ROBERT E. O'NEILL
United States Attorney


By:     s/Nicole M. Andrejko
        Nicole M. Andrejko
        Assistant United States Attorney
        Florida Bar No. 0820601
        501 West Church St., Suite 300
        Orlando, FL 32805
        Telephone: (407) 648-7500
        Facsimile: (407) 648-7643
        E-mail: Nicole.Andrejko@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 3, 2008, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send notice of electronic filing

to the following CM/ECF participants:

A. Brian Phillps
David B. Smith
Michael Paasch
Elizabeth A. Green
David H. Simmons
Bart R. Valdes

s/Nicole M. Andrejko
Nicole M. Andrejko
Assistant United States Attorney
Florida Bar Number 0820601
501 West Church Street, Suite 300
Orlando, Florida  32805
Telephone:    (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:        Nicole.Andrejko@usdoj.gov