UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.                              **Case No. 6:08-cv-670-Orl-35KRS**

**ASSETS DESCRIBED IN
"ATTACHMENT A"
TO THE SECOND AMENDED
VERIFIED COMPLAINT
FOR FORFEITURE IN REM,**

    **Defendants.**

**CONSENT MOTION FOR STAY OF
CIVIL FORFEITURE PROCEEDINGS AND REQUEST TO CONTINUE
REQUIREMENTS OF CASE MANAGEMENT REPORT**

Comes Now the United States of America, by and through its undersigned Assistant United States Attorney, and moves for a stay of the above-styled civil forfeiture action pursuant to 18 U.S.C. § 981(g) and for a continuance of the requirement to file a case management report by December 10, 2008. In support of its motion, the United States submits the following memorandum of law.

**Memorandum of Law**

**I.**    **Statement of Facts**

1.    On April 24, 2008, United States Magistrate Court Judge David A. Baker issued 21 seizure warrants for several vehicles, a motorcycle, a Learjet and funds held in attorney trust accounts after a probable cause finding that the subject properties were purchased with proceeds of violations of 18 U.S.C. § 1343 (wire fraud), and were

involved in the commission of violations of 18 U.S.C. §§ 1956 and 1957 (money laundering). Case No. 6:08-mj-1146-1166-DAB.

2. On April 25, 2008, a Verified Complaint *In Rem* was filed. (Doc. 1). The complaint alleges that the five defendant properties and the proceeds from the sale of the Riverfront Parkway property in Chattanooga, Tennessee are subject to forfeiture pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) because the all of the properties were purchased with the proceeds of violations of 18 U.S.C. § 1343 (wire fraud), and were involved in the commission of violations of 18 U.S.C. §§ 1956 and 1957 (money laundering). The defendant properties were owned either by Frank Amodeo ("Amodeo") or by companies that Amodeo controlled. On April 28, 2008, the United States filed an Amended Verified Complaint *In Rem.* (Doc. No. 9).

3. The Orange County Tax Collector filed a claim on May 22, 2008. Thereafter, Frank Amodeo, Claire Holland, Mirabilis Ventures, Inc. (Mirabilis), and Hoth Holdings, LLC (Hoth) filed claims on June 4, 2008. Bison Mortgage Corp. and Coastal Equity Partners, LLC filed a claim on June 11, 2008.

4. Thereafter, on August 28, 2008, a Second Amended Verified Complaint *In Rem* was filed. (Doc. No. 60). The Second Amended Verified Complaint *In Rem* added the items seized pursuant to the search warrants issued by Magistrate Judge Baker on April 24, 2008, as well as property located in Tampa, Florida, two promissory notes and an additional vehicle.

5. On August 6, 2008, Amodeo was indicted for violations of 18 U.S.C. § 371 (conspiracy to impede, impair obstruct and defeat the lawful government functions of the IRS in the ascertainment, computation, assessment and collection of payroll taxes,

and to commit wire fraud and obstruction of agency proceeding); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. § 1505 (obstruction of agency proceeding); and 26 U.S.C. § 7202 (failure to remit payroll taxes), *United States v. Frank Amodeo,* Case No. 6:08-cr-176-Orl-28GJK. (Doc. No. 1).

6. On September 23, 2008, Amodeo pled guilty to Counts One Seven, Eight, Ten, and Twenty-Seven of the Indictment. (Doc. No. 30). Count One charges the defendant with Conspiracy, in violation of 18 U.S.C. § 371. Counts Seven, Eight, and Ten each charge the defendant with Failure to Collect and Remit Payroll Taxes, in violation of 26 U.S.C. § 7202. Count Twenty-Seven charges the defendant with Obstruction of an Agency Proceeding, in violation of 18 U.S.C. § 1505. As a result of the conspiracy violations charged in Count One, the Forfeiture Allegations of the Indictment sought the forfeiture of the Amodeo's interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of such violations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). *Id.* The property listed in the Indictment, which is forfeitable under Count One, includes all of the defendant property in the instant matter, as well as property not part of the civil forfeiture case. The United States has already commenced the ancillary proceeding and believes that all pending forfeiture issues may be finally determined in Amodeo's criminal case and any criminal cases brought against his co-conspirators.

7. Amodeo's sentencing is set for January 16, 2009.

8.      The investigation of Amodeo's co-conspirators, including companies which Amodeo either owned or controlled, is ongoing and is expected to conclude within four to six months.[1]

## II.    Applicable Law

Title 18, United States Code, Section 981(g), provides for the stay of a civil forfeiture case pending the conclusion of a criminal investigation or trial.  Section 981(g)(1) states: "Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

Stay of a civil forfeiture case is mandatory if it would adversely affect a pending criminal investigation or trial.  *United States v. All Funds on Deposit in Business Marketing Account*, 319 F. Supp. 2d 290 (E.D.N.Y 2004) (stay is mandatory under section 981(g) once the court is satisfied that routine civil discovery would compromise the identities of confidential informants); *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325 (D. Wyo. 2001) (stay granted where civil discovery "has a substantial potential of interfering" with the ongoing criminal investigation); *United States v. 29.77 Acres East of Soda Springs Road*, 2001 WL 304050119 (D. Or. 2001) (granting criminal defendant's motion to stay civil case

---

[1] There are hundreds of witnesses involved and approximately 2,200 victim companies and 29,700 victim employees of the wire fraud.  The United States is still in the process of reviewing approximately 3,000,000 documents, 3,000,000 e-mails, and 5,000 hours of videotape. These documents encompass the records of approximately eighty-five (85) companies.

pursuant to section 981(g)(2)).  Stays have also been granted as a means to protect a defendant's right against self incrimination.  See *United States v. All Assets of Statewide Autoparts, Inc.*, 971 F.2d 896 (2d Cir. 1992); *United States v. A Certain Parcel of Land*, 781 F. Supp. 830, 833 (D.N.H. 1992); *United States v. Puello*, 814 F. Supp. 1155 (E.D.N.Y. 1993).

A stay is necessary to protect the United States' prosecution and continued investigation of Amodeo's co-conspirators from the expansive scope of civil discovery. Civil discovery will undoubtedly infringe on the right against self-incrimination for several targets and subjects of the ongoing investigation.  Targets and subjects of the criminal investigation may be called as witnesses in the civil case, either for deposition or trial, and would possibly be forced to invoke their Fifth Amendment rights to avoid incriminating themselves. Additionally, due to the massive amount of documents, e-mails, and videotapes, discovery in the civil case could go on for years while the defendant in the civil case sifts through the discovery.[2]  Finally, the parties agree that staying the civil forfeiture until the resolution of the criminal proceeding against Amodeo and any criminal proceedings against his co-conspirators, which may finally determine of all issues in this case, is the most efficient manner in which to proceed.[3]

---

[2] It is also possible that litigation could arise over what materials constitute grand jury secrecy material which are covered by Fed. R. Crim. P 6(e).

[3] Proposed settlements between the United States and Mirabilis as well as between United States and Hoth are pending before the bankruptcy court.  If approved, the United States would dismiss the forfeiture of the Richmond property, resolving Hoth's claim; Mirabilis would also withdraw its claims.

### III. Conclusion

The United States respectfully requests that the court issue an Order to Stay these proceedings until such time as the criminal ancillary proceedings in the criminal action against Frank Amodeo, and any criminal actions against his co-conspirators, are resolved. Additionally, the United States requests a continuance of the requirements of filing a case management report until such time as the stay is lifted.

### LOCAL RULE 3.01(g) CERTIFICATION

Counsel for the United States of America hereby certifies pursuant to Local Rule 3.01(g), that her office contacted all parties to determine if any claimants had any objection to the instant motion. All parties consent to the instant motion. Counsel for both Bison Mortgage Corp./Coastal Equity Partners, LLC as well as Mirabilis and Hoth indicated that they consent to this motion to the extent that such stay is without prejudice to any of the parties' rights, upon motion any party can seek to lift the stay, and that there shall be no presumption, for any purpose, against any party because such party previously consented to this stay.

Respectfully submitted,

A. BRIAN ALBRITTON
United States Attorney

By:   s/Nicole M. Andrejko
Nicole M. Andrejko
Assistant United States Attorney
Florida Bar No. 0820601
501 West Church St., Suite 300
Orlando, FL 32805
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Nicole.Andrejko@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 9, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Elizabeth A. Green
A. Brian Phillips
Michael A. Paasch
Bart R. Valdes
David H. Simmons
David B. Smith
Charles Walker McBurney, Jr.

                s/Nicole M. Andrejko
                Nicole M. Andrejko
                Assistant United States Attorney
                Florida Bar No. 0820601
                501 West Church Street, Suite 300
                Orlando, Florida 32805
                Telephone: (407) 648-7500
                Facsimile: (407) 648-7643
                E-Mail: Nicole.Andrejko@usdoj.gov